UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JACOB PABON,                              :
        Petitioner,                   :
                                       :        No. 5:15-cr-00592-1
        v.                             :        No. 2:20-cv-02534
                                       :
UNITED STATES OF AMERICA,                 :
        Respondent.                   :

_____

**O P I N I O N**
**Motion to Vacate Sentence, 28 U.S.C. § 2255, ECF No. 315 – Denied**

**Joseph F. Leeson, Jr.**                                              **March 12, 2025**
**United States District Judge**

      Petitioner Jacob Pabon pled guilty to Hobbs Act robbery in violation of 18 U.S.C. §

1951(a), using and carrying a firearm during a crime of violence in violation of 18 U.S.C. §

924(c), conspiracy, and aiding and abetting.  He filed a counseled Motion to Vacate Sentence

pursuant to 28 U.S.C. § 2255 seeking relief pursuant to *Davis*, which held that § 924(c)(3)(B),

the "residual clause," is unconstitutionally vague.  Because Pabon's completed Hobbs Act

robbery is categorically a crime of violence under § 924(c)(3)(A), the "elements clause," the

Motion to Vacate is denied.

**I.      STANDARD OF REVIEW**

      Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal

defendants can challenge their convictions or sentences that are allegedly in violation of the

Constitution or laws of the United States or are otherwise subject to collateral attack.  *Davis v.*

*United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d

Cir. 2002).  Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that

the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)).

## II.    BACKGROUND

Jacob Pabon pled guilty to numerous offenses arising from his participation in a string of armed robberies of businesses in Allentown, Pennsylvania.  Specifically, he pled guilty to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); four counts of Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2; and two counts of using and carrying a firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and 2.  In three of the robberies, Pabon entered the store armed with a firearm and in the fourth robbery, he remained in the car as the getaway driver while his co-defendants entered the store armed with firearms.  *See* Presentence Report. In each robbery, either Pabon[1] or one or more of his co-defendants pointed a firearm(s) at a store employee.  *See id.*  Pabon was sentenced pursuant to the enhanced penalties under § 924(c).[2]

Pabon filed a Motion to Vacate sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) convictions are unconstitutional pursuant to *Davis*.  *See* Mot. ECF No. 315.  He acknowledges that the "predicate for the 924(c) convictions is Hobbs Act robbery."  *See id.* at 6. Although the motion was filed more than a year after his conviction became final, the motion was timely filed within one year of the decision in *Davis* and is therefore timely.  *See* 28 U.S.C.

---

[1]    During the robbery charged in Count 8, Pabon pointed his firearm at the cashier while the robbers ordered two customers to lie down in the back.  *See* Presentence Report; Super. Indict. ¶ 28.  One of Pabon's co-defendants walked behind the check-out counter and took approximately $300 from the register, which the co-defendants split after the robbery.  *See id.*

[2]    Pabon's sentence was sealed and will therefore not be included herein.  *See* ECF No. 231.

§ 2255(f)(3).  A decision on the Motion was stayed pending litigation in the Third Circuit Court of Appeals as to whether Hobbs Act robbery qualifies as a predicate offense under the elements clause of § 924(c).  *See* ECF Nos. 317, 375.

Pabon, through counsel, has since filed a Motion to Lift Stay and Notice of Authority stating that in *United States v. Stoney*, 62 F.4th 108, 112-13 (3d Cir. 2023), the Third Circuit Court of Appeals held that a completed Hobbs Act robbery has an element of force and thereby qualifies as a "crime of violence" under § 924(c), which governs Pabon's § 2255 motion. *See* ECF No. 354.  The Government has also since filed a Response in Opposition to the Motion to Vacate stating that *Stoney* forecloses relief for Pabon.  *See* ECF No. 393.

## III.    ANALYSIS

Section 924(c) provides for enhanced penalties for anyone who uses a firearm "during and in relation to any crime of violence or drug trafficking crime."  *See* 18 U.S.C. § 924(c)(1)(A).  "Section 924(c) requires the government to prove that the person committed a qualifying predicate crime of violence."  *Stoney*, 62 F.4th at 110-11.  However, "it is not necessary that the defendant be separately charged with or convicted of such an offense."  *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998).  The statute defines "crime of violence" as follows:

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection A is known as the "elements clause" and subsection B is known as the "residual clause." The Supreme Court in *Davis* held that the "residual clause" is unconstitutionally vague.

*Davis* does not afford Pabon any relief in the above-captioned action because his conviction for a completed Hobbs Act robbery satisfies the "elements clause" of § 924. *See Stoney*, 62 F.4th at 112 (finding that the defendant, who used a loaded gun during a holdup while he and his codefendants stole more than $8,000 from a restaurant was a "completed Hobbs Act robbery" that "has as an element the . . . use of physical force against the person . . . of another" (quoting 18 U.S.C. § 924(c)(3)(A))). The Motion to Vacate is therefore denied.

## IV.    CONCLUSION

Pabon is not entitled to relief under *Davis* because he committed a completed Hobbs Act robbery, which served as a predicate crime of violence for his conviction under § 924(c). The Motion to Vacate pursuant to 28 U.S.C. § 2255 is denied and there is no basis for the issuance of a certificate of appealability.[3]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3]      "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth herein, reasonable jurists would not find this Court's assessment of the claim debatable or wrong. *See United States v. Colon*, No. 05-563, 2024 U.S. Dist. LEXIS 160305, at *1-3 (E.D. Pa. Sep. 6, 2024) (finding no basis to issue a COA because the holding in *Stoney* foreclosed the petitioner's ability to argue that a completed Hobbs Act robbery could not serve as a predicate crime of violence for a conviction under § 924(c)).